## Bass *vs.* Glover.

[WARNER, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

A railroad company completing the transportation of freight, begun by other common carriers whose lines are connected with the r road by an intermediate line or lines, may, for its own security exact the production of the bill of lading before making delivery of the goods to the consignee. At all events, where, in such case, the consignee has never had actual possession of the goods, he cannot obtain possession of them by possessory warrant against such railroad company, without producing the bill of lading or showing that its non-production would leave no liability on the part of the company to a *bona fide* assignee of the same.

*Certiorari.* Railroads. Possessory warrant. Before Judge CRISP. Sumter County. At Chambers. March 13, 1879.

Avery & Sons shipped from Louisville, Kentucky, certain goods to Glover, at Americus, Georgia. The goods left Louisville by the Louisville & Nashville Railroad, were received by the Central Railroad at Atlanta, and carried by it to their destination. They thus came into the possession of Bass, who was the agent of the Central Railroad at Americus. Glover tendered the freight and demanded

the goods. Bass refused to deliver except upon the pro-
duction of the bill of lading. This was not produced, and
Glover sought to obtain possession by warrant. The magis-
trate ordered the goods turned over to him on his giving
the bond and security prescribed. Bass applied for the
writ of *certiorari*, which was refused, and he excepted.

S. C. ELAM, for plaintiff in error.

HINTON & MATTHEWS, for defendant.

BLECKLEY, Justice.

Ordinarily, delivery to the consignee discharges the car-
rier, if made without notice of right in another. Hutchin-
son on Carriers, §130 ; Schouler on Bail. and Carriers, 496,
*et seq.* The consignee is presumptively the owner. 23
N. Y., 335 ; 17 How., 100. But there must be always a
due regard to the obligations to which bills of lading give
rise. 115 Mass., 219, 230, 233 ; 14 Wall., 98. As, in gen-
eral, the bill of lading is assignable by the consignee, and
sometimes by the consignor, so as to render the carrier
liable to make delivery to the assignee, it seems no unrea-
sonable regulation to require the production of the bill of
lading (in case one has been issued and put in a situation to
be thrown upon the market) as a condition of delivery even
to the consignee. In the present litigation, it was not
shown affirmatively that any bill of lading was signed, nor
did the contrary appear. But the shipment was from a
remote point, and there were intermediate carriers between
the lines of the initial carrier and the carrier who completed
the transportation. The strong probability, therefore, is
that there was a bill of lading. It may be that the name
"bill of lading" is not strictly appropriate to a receipt
given by a common carrier as the evidence of a bailment
for transportation upon land, but we believe the receipts of
railroad companies are by usage so denominated, and that
in respect to assignability and the effect of assignment, the

rule is the same touching them as touching bills of lading proper.

But conceding that the consignee might support trover or other regular action without producing the bill of lading or accounting for it, we think that where he has never had any actual possession of the goods he cannot, with the bill of lading outstanding, recover possession from the carrier by possessory warrant. The oath which has to be taken to procure a possessory warrant (see Code, §4032) is not suitable to be taken by a consignee so situated; for while delivery by the consignor to the carrier is delivery to the consignee for many purposes, it is not so for all purposes. If, as between the consignee and the carrier, the consignee ever was in possession within the meaning of the possessory warrant law, it was only a constructive possession; and while it remains uncertain as to who is the holder of the bill of lading, there is reasonable doubt in whom the best claim to constructive possession resides.

Moreover, where the constructive possession asserted is but the legal shadow of the actual possession which is attacked, mere constructive possession is not a very satisfactory basis for a possessory warrant at the best. There is no denying, we think, that the statute does not fit the case before us.

There was good cause for *certiorari*, and the judge erred in not giving his sanction to the petition so that the writ might issue.

Judgment reversed.